## L. L. CRUMP *et al.*, *Ex parte.*

1. REAL ESTATE OF WARD. *Purchase of, by guardian.* A guardian may buy the real estate of his ward if he do so fairly and in good faith, and there is no inadequacy of consideration or suspicion upon his conduct.

2. SAME. *Same.* If a guardian bid in at public auction the real estate of his ward, at a price considerably less than the value placed upon the land by commissioners, he should be required to show that the price paid is reasonable, before the sale can stand.

### FROM SHELBY.

Appeal from the Chancery Court at Memphis. W. W. McDOWELL, Ch.

JOHN W. CURRIN for Beasley.

STEPHEN A. CRUMP for other parties.

COOKE, J., delivered the opinion of the court.

The petitioners, five adults and three minors, are the heirs-at-law of John W. Crump, deceased, and as

such were tenants in common of considerable real estate, consisting of four lots or parcels of ground, in the city of Memphis, and a farm of something over two hundred acres in Rutherford county, the adults and one of said minors being each entitled to one-seventh interest in said land, and the other two minors being jointly entitled to one-seventh, said Stephen A. Crump being the regular guardian of said minors.

This petition was filed by all of them, the said Stephem A. in his own right as one of said heirs, and said minors by said Stephen A. as their regular guardian, in the probate court of Shelby county, seeking a partition of said lands and city lots, if the same could be advantageously done, and if not, that the same be sold and the proceeds divided among the petitioners as they were entitled to the same.

After the petition was filed a guardian *ad litem* was appointed by the court for said minors who, the record states, supervised the proceedings in behalf of his said wards. Commissioners were appointed by the court to partition said lands, who were duly sworn, and entered upon the discharge of said duty. They went upon the premises, and, after investigation and examination, they reported that said lands were not susceptible of advantageous partition among those entitled to the same, and that it would be manifestly to the interest of those entitled to the same that they should be sold, and the proceeds divided among them, stating valid and substantial reasons why the same could not be partitioned. They affixed to their report the value of each of said lots, as well as of said tract of land.

Thereupon the court decreed a sale of said real estate for partition, directing that said city lots should be sold at public sale in Memphis, by the clerk of said court, and appointing a commissioner to in like manner sell said tract of land in Rutherford county.

After having been duly advertised as required by said decree, said lands, etc., were sold at public sale to the highest bidder. At said sales said Stephen A. Crump became the purchaser of two of the most valuable of said city lots, and also of said tract of land, which said sales having been reported to the court, and the report being unexcepted to, and it being shown to the court that said Stephen A. had become the owner of the interests of all of said other adult heirs by purchase from them, he was credited with five-sevenths of the amount of the sales and only required to comply with its terms as to the other two-sevenths belonging to said minors, which he did, and the report was confirmed and the title decreed to him. And the cause has been brought up alone on part of said minors by writ of error.

The probate court of Shelby county has concurrent jurisdiction with the chancery court of proceedings for the partition and sale of estates by personal representatives, guardians, heirs and tenants in common, etc.: Code, sec. 316. And in cases for partition infants may properly be made parties complainants or petitioners for that purpose: *Burks* v. *Burks,* 7 Baxt., 353; 2 Head, 571. And while it was not proper that the guardian should act both for himself and wards in filing said petition (1 Head, 251; 1 Tenn. Ch., 511),

yet as a guardian *ad litem* was appointed for them, under whose supervision in their behalf the proceedings were had, he being an attorney of said court, that difficulty is obviated, and the only question for consideration is as to the effect of the purchase of the most valuable portion of said real estate by the guardian of said minors, upon their interests, and upon the title to the same thus acquired by him. In the sales of real estate of infants made by a court of competent jurisdiction, the guardian of the infants may purchase, if he act fairly, with the utmost good faith, and the transaction is free from any design on his part to gain a benefit to himself to the prejudice of the interest of his wards, and if there was no inadequacy of consideration or suspicion upon his conduct. His conduct will, however, be watched with jealousy: 8 Hum., 437; 2 Head, 571; 4 Cold., 585.

We can see nothing in this record that indicates any positive bad faith, concealment or improper conduct on the part of said guardian, but the fact does appear that he purchased said real estate at about the sum of $2,700 less than the value placed upon it by said commissioners, and there is nothing in the record to show that their valuation was not correct, except the fact, if it can be looked to, that the lands failed to bring that price when exposed to public sale. The price at which the guardian purchased was less by more than one-third than the valuation placed upon said lands by the commissioners. We think this disparity in the price at which he purchased and the valuation of said commissioners required proof, at least,

to show that the price paid was reasonable, before the sale can stand, as without such showing the purchase by the guardian of the interests of his wards in said lands can not be said to be free from suspicion.

The decree of the court below confirming the sale must be reversed, and the cause remanded to be proceeded in, either by a resale of said lands, or for an account to ascertain whether or not said sale was fair, and said lands purchased by the guardian were for a fair and reasonable price. If this is shown, said sale may be permitted to stand. As the guardian owns five-sevenths in his own right, the costs and expenses of a resale would be considerable, and might be disproportionate to any advantage that might result to the minors from a resale. The costs of this court will be paid by said guardian, Stephen A. Crump.